UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARGARET LYNN HARPER,

    Plaintiff,

v.                                                                Case No: 6:17-cv-373-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Widow's Disability Insurance Benefits. Upon a review of the record, I respectfully recommend that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for additional proceedings.

### Background[1]

On December 19, 2012, Plaintiff protectively filed an application for Widow's Disability Insurance Benefits under her deceased husbands' (Royal D. Harper and Roger D. Dean) earnings records, alleging an onset date of August 26, 2012 (Tr. 242-244). Plaintiff's claims were denied initially and on reconsideration (Tr. 135-139, 141-155), and she requested and received a hearing before Administrative Law Judge ("ALJ") William H. Greer (Tr. 61-86, 156). On June 15, 2015, the ALJ issued his unfavorable decision, finding Plaintiff not disabled (Tr. 37-54).

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 15).

Plaintiff sought review of the ALJ's decision (Tr. 30, 36). On November 3, 2016, the Commissioner's Appeals Council notified her that they were granting her request for review "only about [her] claim for Widow's Insurance Benefits (Disability) under wage earner Roger Dale Dean ... We will send you a separate letter about your claim for Widow's Insurance Benefits (Disability) under wage earner Royal D. Harper ..." (Tr. 234-237). The Appeals Council said the ALJ, "in error, issued a decision only on [her] application for widow's insurance benefits under wage earner Royal D. Harper. The decision made no reference to [her] application for widow's insurance benefits under wage earner Roger Dale Dean." (Tr. 235).

On January 13, 2017, the Appeals Council denied Plaintiff's request for review of her "claim for Widow's Insurance Benefits (Disability) under wage earner Royal D. Harper" (Tr. 11-15). Thus, the ALJ's decision of June 15, 2015 is the Commissioner's final decision on this claim.

On January 24, 2017, the Appeals Council issued a Notice of Appeals Council Decision Unfavorable that "pertain[ed] only to the claim for Widow's Insurance Benefits (Disability) under wage earner Roger Dale Dean" (Tr. 6). In its decision, the Appeals Council said it "adopt[ed] the Administrative Law Judge's statements regarding ... the issues in the case, and the evidentiary facts, as applicable. The Appeals Council also adopts the Administrative Law Judge's findings or conclusions regarding whether the claimant is disabled." (Tr. 6-7). The Appeals Council thus determined that Plaintiff was not disabled and ineligible for widow's insurance benefits under wage earner Roger Dale Dean "at any time from the alleged onset date of August 26, 2012 through June 15, 2015, the date of the Administrative Law Judge's decision" (Tr. 7). The January 24, 2017

decision of the Appeals Council is the final decision of the Commissioner, with respect to this claim.

Plaintiff brings this action after exhausting her available administrative remedies as to both claims. The issues have been fully briefed, and the case was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). In the evaluation process the ALJ determines whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required sequential analysis.[2] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 42). At step two, the ALJ determined that Plaintiff suffered from the severe impairment of degenerative disc disease and compression fractures (20 C.F.R. § 404.1520(c)) (Tr. 42). At step three, the ALJ decided that Plaintiff did not have an

---

[2] As Plaintiff claims disabled widow's benefits, the ALJ first established that Plaintiff met the non-disability requirements for those benefits (Tr. 40, 42). The ALJ also found that the relevant time period for establishing Plaintiff's disability ended on December 31, 2014 (Tr. 42).

impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 43). Next, the ALJ determined that Plaintiff had the residual functional capacity to perform

> sedentary work as defined in 20 CFR 404.1567(a) with limitations. The claimant can sit for up to 7 hours per day for up to 1 hour at a time. The claimant can stand/walk for up to 2 hours per day for up to 15 minutes at a time. The claimant can lift up to 10 pounds occasionally and 5 pounds frequently. The claimant can bend, stoop, crouch, kneel, and climb ramps and stairs no more than occasionally. The claimant can never crawl or climb ladders, ropes, or scaffolds. The claimant can reach above shoulder level no more than occasionally. The claimant must not work around unprotected heights or moving hazardous machinery. The claimant must not drive motorized vehicles.

(Tr. 43-44).

At step four, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was able to perform past relevant work as a document preparer, as it is described in the Dictionary of Occupational Titles (Tr. 48). As a result, the ALJ concluded that Plaintiff was not under a disability from August 26, 2012, through the date of the decision (Tr. 48-49).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011)

(citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the ALJ failed to adequately evaluate a medical opinion of Evans E. Amune, M.D., and Plaintiff's allegations of pain and limitations. As the Appeals Council adopted the ALJ's findings and conclusions regarding disability, these arguments apply to both decisions.

### Evaluation of Medical Opinion Evidence

Plaintiff argues that the ALJ erred in formulating her residual functional capacity assessment by failing to adequately weigh and consider the opinions of treating provider, Dr. Amune. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons

- 5 -

therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).)

When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c). All opinions, including those of non-treating state agency or other program examiners or consultants, should be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." Hill v. Barnhart, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); see also Sullivan v. Comm'r. Soc. Sec., No. 6:12-cv-996-Orl-22, 2013 WL 4774526, at *7 (M.D. Fla. Sept. 4, 2013); Bumgardner v. Comm'r Soc. Sec., No. 6:12-cv-18-Orl-31, 2013 WL 610343, at *10 (M.D. Fla. Jan. 30, 2013); Bliven v. Comm'r Soc. Sec., No. 6:13-cv-1150-Orl-18, 2014 WL 4674201, at *3 (M.D. Fla. Sept. 18, 2014); Graves v. Comm'r Soc. Sec., No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

At issue is the ALJ's evaluation of a Medical Assessment of Ability to Do Work-Related Activities form dated June 13, 2013, submitted to the ALJ by Plaintiff's counsel, who represented that it was "completed by Dr. Amune" (Tr. 511-512, 508, Exhibit 11F). The assessment, which contains an illegible signature, states that Plaintiff could sit for less than thirty minutes at a time for a total of one to two hours with frequent breaks during an eight hour workday; stand for less than thirty minutes at a time for a total of one hour with frequent breaks during an eight hour workday; and walk for less than thirty minutes at a time for a total of less than sixty minutes during an eight hour workday (Tr. 511-512). The Medical Assessment also states that Plaintiff could occasionally lift and carry less than ten pounds (Tr. 511); could never bend and push and/or pull (Tr. 512); and would need to avoid extreme temperatures, dust and fumes (Id.). Plaintiff's prognosis was listed as "fair." (Id.).

In his decision, the ALJ said:

> **there is no credible medical opinion of record which suggests that the claimant is disabled or incapable of performing work in accordance with the residual functional capacity assessment by virtue of her impairments**. Dr. Goodpasture opined that she was capable of performing light exertional work with postural limitations. Significant weight is given to this opinion, **as it is not contradicted by any other credible medical opinion of record** and is consistent with the other objective medical evidence of record which establishes that while the claimant has limitations as a result of her impairments, these limitations are not disabling in nature and do not completely preclude her from performing all basic work activities. **The undersigned notes that an opinion is present in Exhibit 11F, but no weight is given to this opinion, as it is unclear who the opinion is from and whether the opinion is from an acceptable medical source (Exhibit 11F/4-5). Moreover, the limitations expressed in the opinion are not consistent with the other objective medical evidence of record. The limitations that are supported by the evidence have been taken into account in the residual functional capacity assessment** ... There are no other credible medical opinions of record. **In the absence of a credible medical opinion to the contrary,** the undersigned finds the claimant to be capable of

>performing work consistent with the residual functional
>capacity assessment.

(Tr. 47 – emphasis added).

Plaintiff represents that Dr. Amune made the assessment, and the ALJ erred in failing to properly weigh and evaluate it. Plaintiff argues that if the ALJ was in doubt about the origin of the assessment, the ALJ could and should have further developed the record to identify the author. Plaintiff also contends that the rejection of the opinion as being "not consistent with other evidence" is not adequately supported by identified and substantial evidence. The Commissioner counters that the ALJ fully and fairly developed the record; Plaintiff has not established that a doctor actually completed the assessment; Plaintiff fails to argue that Dr. Amune was a treating source; and, even if a treating physician did issue the opinion, substantial evidence supports the weight the ALJ gave this opinion before deciding Plaintiff's residual functional capacity. I agree with Plaintiff that the failure to adequately identify and weigh this opinion requires reversal.

The Commissioner argues that "Plaintiff provided no evidence that Dr. Amune completed the Medical Assessment." (Doc. 15 at 20). But, the assessment is dated June 13, 2013, the same day as Plaintiff's appointment with Dr. Amune (Tr. 509-512). The assessment is represented as being part of Dr. Amune's treatment notes, and his name is written on the top of the first page (albeit in handwriting that is noticeably different from the handwriting on the rest of the form) (Tr. 511). Most importantly, the exhibit containing the assessment was transmitted to the agency on January 17, 2014 (Tr. 508), well prior to the hearing on March 26, 2015 (Tr. 61), yet the ALJ raised no question at the hearing regarding the author of the assessment, nor did he contact counsel or Dr. Amune for clarification. In view of these omissions, the ALJ's proffered reason for giving no weight to

the opinion "as it is unclear who the opinion is from" is not supported by substantial evidence.

I also reject the Commissioner's odd assertion that "Plaintiff did not argue that Dr. Amune is a treating source." (Doc. 15 at 22). The parties' joint brief is clear that Plaintiff is making this argument, and the record supports this status. Indeed, in the joiont brief, the *Commissioner* notes:

- Plaintiff first treated with Dr. Amune in March 2013, as a referral for a pain management consultation (Tr. 526-29).[3]

- As Plaintiff indicated to Dr. Amune that she experienced pain following the facet injections, Dr. Amune performed a bilateral T12 thoracic paravertebral nerve block and bilateral T12 and L1 diagnostic medial branch block (Tr. 519-20).

- On April 9, 2013, Plaintiff told Dr. Amune that she was experiencing pain relief and had a marked improvement in both her activities of daily living and quality of life (Tr. 516). Dr. Amune performed a bilateral T10, T11, T12, and L1 radiofrequency medial branch neurotomy (Tr. 516).

- On May 20, 2013, Plaintiff returned to Dr. Amune and reported significant pain in her lumbrosacral junction (Tr. 513).

- Then, on June 13, 2013, Plaintiff treated with Dr. Amune and received the excessively limiting Medical Assessment (Tr. 509-10, 511-12).

(Doc. 15 at 25-26). Thus, Plaintiff was clearly under Dr. Amune's care during the relevant period and I find that an ongoing treatment relationship existed prior to the rendering of

---

[3] The record reflects that Plaintiff treated with Dr. Amune on March 11, 2013, and again on March 25, 2013 (Tr. 526-529; 519-520).

the assessment.

As for the Commissioner's remaining contention, I cannot agree that the ALJ's failure to properly identify Dr. Amune's opinion as that of a treating provider is harmless. Under the applicable regulations,[4] the ALJ must give substantial weight to the opinions of a treating provider, unless there is good cause to do otherwise. As highlighted above, the ALJ made numerous references to the absence of any credible medical opinion suggesting disability, as a ground to support his decision (Tr. 47). The ALJ explicitly found this absence to be "significant." (Tr. 47 - "*Significantly,* there is no credible medical opinion of record which suggests that the claimant is disabled or incapable of performing work ..."). By discounting the opinion entirely as being from an unknown source, the ALJ did not engage in the Winschel analysis, save for the conclusory finding that the limitations expressed in the assessment "are not consistent with the other objective medical evidence of record." This is not sufficient. See, e.g., Paltan v. Comm'r of Soc. Sec., 2008 WL 1848342 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how Dr. Lee's opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.") While the Commissioner now cites to what she contends is substantial evidence as a basis to support this conclusory finding of inconsistency, "[w]e cannot affirm based on a post hoc rationale that might have supported the ALJ's conclusion." Dempsey v. Comm'r of Soc. Sec., 454 F. App'x 729, 733 (11th Cir. 2011).

For these reasons, I find that the ALJ erred in failing to properly consider Dr. Amune's opinion.

---

[4] New regulations have been adopted, but they do not apply to Plaintiff's applications. See Doc. 15, fn. 3.

### Credibility

A claimant can establish her disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Id. When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Dep't of Health and Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

The ALJ's failure to properly consider and explain the weight given to the opinions of Dr. Amune warrants reconsideration of the ALJ's credibility finding. In determining the credibility of an individual's statements, "the adjudicator must consider the entire case record." SSR 96-7p; See also SSR 16-3p ("Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms.").[5] As one of the ALJ's stated reasons for not crediting Plaintiff's allegations was the lack of a medical opinion suggesting that she was incapable of

---

[5] SSR 96-7p has been superseded by SSR 16-3p, effective March 28, 2016. The ALJ's administrative decision was rendered in 2015, but the Appeals Council's denial of the request for review and notice of decision on the second claim were issued in 2017.

performing work activities (Tr. 47), and I have concluded that remand is appropriate in order to allow for consideration of what purports to be just such an opinion, it follows that the ALJ's credibility finding should be revisited and formulated anew.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The Commissioner's final decision in this case be **REVERSED and REMANDED** under sentence four of 42 U.S.C. §405(g) for further administrative proceedings consistent with the findings in this report.

(2) The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

(3) Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 18, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record